USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _/0-/-/3_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANK ERICKSON, Individually and On
Behalf of All Others Similarly Situated,

                Plaintiff,

         -against-

CORINTHIAN COLLEGES, INC., JACK P.
MASSIMINO, ROBERT C. OWEN, and
KENNETH S. ORD,

                Defendants.
-----------------------------------------------------------x

13 Civ. 4308 (PKC)

MEMORANDUM
AND ORDER

CASTEL, District Judge:

        Defendant Corinthian Colleges, Inc. ("Corinthian") has moved, under 28 U.S.C. § 1404(a), to transfer venue in this case to the United States District Court for the Central District of California, where Corinthian is headquartered.  Putative class plaintiff Frank Erickson, individually and behalf of all others similarly situated, opposes transfer.  For the reasons set forth below, the motion to transfer venue is granted.

BACKGROUND

        Plaintiff Erickson is an individual who purchased Corinthian securities during the class period of August 23, 2011 to June 10, 2013.  (Compl. ¶¶ 1, 26.)  Defendant Corinthian, a Delaware corporation, is a "publicly traded, for-profit education company headquartered in Santa Ana, CA," which offers degree and diploma programs from 105 campuses in 25 states and through an online division.  (Id. ¶¶ 2, 27.)  Corinthian's shares are traded on NASDAQ.  (Compl.

¶ 27.) Defendant Jack Massimino is Chairman and CEO of Corinthian.[1] (Id. ¶ 28.) Massimino

resides in Kamas, Utah, and spends the majority of most work weeks at Corinthian's Santa Ana

headquarters. (Declaration of Robert C. Owen ("Owen Decl.") ¶ 21.) Defendant Robert C.

Owen was Executive Vice-President and Chief Accounting Officer of Corinthian from July 2011

to September 2011. (Compl. ¶ 29.) Since September 2011, he has served as Executive Vice

President and Chief Financial Officer of Corinthian. (Id.) Owen resides in Orange County, CA.

(Owen Decl. ¶ 22.) Defendant Kenneth S. Ord was Corinthian's Executive Vice President and

Chief Financial Officer from the beginning of the class period until September 2011, when he

became Corinthian's Executive Vice President and Chief Administrative Officer. (Owen Decl. ¶

23.) Ord resides in Orange County, California. (Id.)

Erickson has brought this suit against Corinthian, Massimino, Owen, and Ord,

alleging violations of sections 10(b) and 20(a) of the Securities and Exchange Act of 1934 and

Rule 10b-5 promulgated thereunder. The complaint alleges that Defendants defrauded investors

by falsely representing to the market that Corinthian complied with federal regulations, resulting

in a decrease in the value of Corinthian securities.

## DISCUSSION

Corinthian seeks to transfer the action to the Central District of California under

28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other

district or division where it might have been brought or to any district or division to which all

parties have consented." 28 U.S.C. § 1404(a). Thus, "[d]eciding a § 1404(a) motion to transfer

---

[1] The Court notes that according to defendant Corinthian's motion papers, Mr. Massimino's middle initial is D, not P, as appears on the caption of the Complaint. (Corinthian Mem. at 7 n.3.)

venue 'requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate.'" AGCS Marine Ins. Co. v. Associated Gas & Oil Co., Ltd., 775 F. Supp. 2d 640, 645 (S.D.N.Y. 2011) (quoting Fuji Photo Film Co., Ltd. v. Lexar Media Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006)).

I.      Propriety of the Transferee Forum

The Central District of California is a district where the action might have been brought.  The Exchange Act provides for venue "in the district wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa.  Defendant Corinthian is headquartered in Santa Ana, California, which is in the Central District of California, and all individual defendants transact business in the Central District of California.  Erickson does not dispute that the action might have been brought in the Central District of California.

II.     Factors Governing Transfer

The second inquiry is whether "the convenience of parties and witnesses" and "the interest of justice" justify a transfer.  28 U.S.C. § 1404(a).  "Among the factors to be considered in determining whether to grant a motion to transfer venue are, inter alia: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (citation and quotation marks omitted). Other factors considered by district courts include "the forum's familiarity with the governing law" and "trial efficiency and the interests of justice." Everlast World's Boxing Headquarters

3

Corp. v. Ringside, Inc., 12 Civ. 5297 (PAE), 2013 WL 788054, at *6 (S.D.N.Y. Mar. 4, 2013).

The burden of demonstrating the desirability of transfer lies with the moving party, who must

"make a clear and convincing showing that the balance of convenience favors [its] choice" of

forum. Hubbell Inc. v. Pass & Seymour, Inc., 883 F. Supp. 955, 962 (S.D.N.Y. 1995); see New

York Marine & Gen. Ins. Co., 599 F.3d 102, 114 (2d Cir. 2010) (noting that it is "appropriate

that the district courts in our Circuit have consistently applied the clear and convincing evidence

standard in determining whether to exercise discretion to grant a transfer motion"). "District

courts have broad discretion in making determinations of convenience under Section 1404(a) and

notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co.,

Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

     a.  Plaintiff's Choice of Forum

A plaintiff's choice of forum is usually accorded "great weight." D.H. Blair &

Co., 462 F.3d at 107. This Court has previously noted that the weight accorded to a plaintiff's

choice of forum diminishes where the operative facts lack a meaningful connection to the chosen

forum. E.g., Glaxosmithkline Biologicals, S.A. v. Hospira Worldwide, Inc., 13 Civ. 1395

(PKC), 2013 WL 2244315 at *3 (S.D.N.Y. May 21, 2013); Nat'l Union Fire Ins. Co. of

Pittsburgh, PA v. St. Paul Fire & Marine Ins. Co., 12 Civ. 1250 (PKC) 2012 WL 1829589 at *5

(S.D.N.Y. May 11, 2012). There are minimal connections with the Southern District of New

York in this case, as the alleged false statements and misrepresentations disseminated from

Corinthian's Santa Ana, California headquarters. Additionally, the weight accorded to a

plaintiff's choice of forum is "reduced . . . in a stockholder class action, where members of the

class are dispersed throughout the nation." In re Global Cash Access Holdings, Inc. Sec. Litig.,

08 Civ. 3516 (SWK) 2008 WL 4344531 at *7 (S.D.N.Y. September 18, 2008) (citation omitted).

See also, e.g., In re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995); In re Nematron Corp. Sec. Litig., 30 F. Supp. 2d 397, 405-06 (S.D.N.Y. 1998); Berman v. Informix Corp., 30 F. Supp. 2d 653, 659-60 (S.D.N.Y. 1998).

Furthermore, a plaintiff's choice of forum is accorded less weight when that choice is based on tactical, rather than legitimate reasons. See Glaxosmithkline Biologicals, 2013 WL 2244315 at *3. Erickson's choice of the Southern District of New York appears to be tactical. A district judge in the Central District of California previously dismissed a securities class action brought by Erickson's counsel (and other attorneys) against Corinthian for failure to state a claim. Karam v. Corinthian Colls., et al., 10 Civ. 6523 (GHK) 2012 WL 8499135 (C.D. Cal. August 20, 2012). Although the previous action sought relief for false and misleading statements during a different Class Period, the complaints make similar allegations against Corinthian. "[E]fforts to select one district to avoid or to obtain specific rulings of another district court should be disfavored and discouraged." Conlon v. Sea-Land Serv., Inc., 94 Civ. 609 (KMW) 1995 WL 20321 at *4 (S.D.N.Y. January 19, 1995) (quoting Cheeseman v. Carey, 485 F. Supp. 203, 215 (S.D.N.Y. 1980) (remanded on other grounds)).

Accordingly, Erickson's choice of forum is accorded less deference.

b. Convenience of Witnesses and Availability of Process to Compel Unwilling Witnesses

"The convenience of parties and witnesses is considered the essential criteria under the venue statute and the most significant factor." In re Nematron, 30 F. Supp. 2d at 400 (quotation marks omitted). "When a party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." Factors Etc., Inc. v. Pro Arts, Inc., 579

F.2d 215, 218 (2d Cir. 1978) (overruled on other grounds by Pirone v. Macmillon, Inc., 894 F.2d

579). "The Court must consider the materiality, nature, and quality of each witness, not merely

the number of witnesses in each district." Glaxosmithkline Biologicals, 2013 WL 2244315 at *4

(quotation omitted). "[I]n cases where, as here, the plaintiff alleges that certain documents

contained false or misleading statements, the key witnesses are frequently 'officers and

employees of [the issuer] who participated in drafting or distributing [those] statements.'" In re

Global Cash Access Holdings, 2008 WL 4344531 at *4 (quoting In re Stillwater Mining Co. Sec.

Litig., 02 Civ. 2806 (DC) 2003 WL 21087953 at *4 (S.D.N.Y. May 12, 2003). "It is well known

that trials in securities class actions focus almost entirely on the defendants' conduct." In re

Nematron, 30 F. Supp. 2d at 402.

A subpoena may command a person to attend a trial, hearing, or deposition within

100 miles of where the person resides, is employed, or regularly transacts business in person.

Fed. R. Civ. P. 45(c)(1)(A).[2] The Court considers the location of non-party witnesses, and the

ability to secure their appearance for trial, particularly important. The convenience of party

witnesses will be considered separately below in connection with the convenience of the parties.

Defendants have identified five potential non-party witnesses who are not within

the subpoena power of this Court and who would be within the subpoena power of the District

Court for the Central District of California. Tom Christie is an Ernst & Young LLP partner who

served as the coordinating partner on Ernst & Young's review and audit of Corinthian's

financials for the 2012 fiscal year, and has knowledge regarding the preparation and accuracy of

Corinthian's financial statements. (Owen Decl. ¶ 29). Mr. Christie is based in Ernst & Young's

---

[2] The Court notes that absent Congressional action, Rule 45 will be updated, effective December 1, 2013. However, this update does not change the substance of Rule 45(c)(1)(A).

Irvine, California office. Id. Tom Roach of Ernst & Young served as the coordinating partner

on Ernst & Young's review and audit of Corinthian financials for the 2013 fiscal year, and has

knowledge regarding the preparation and accuracy of Corinthian's financial statements. (Owen

Decl. ¶ 30.) Mr. Roach is based in Ernst & Young's Irvine, California office. Id. John Faulkner

of Ernst & Young was the Engagement Partner on Ernst &Young's review and audit of

Corinthian's financials for the 2012 and 2013 fiscal years, and has knowledge regarding the

preparation and accuracy of Corinthian's financial statements. (Owen Decl. ¶ 31.) He is based

in Ernst & Young's San Diego, California office. Id. San Diego is located in the Southern

District of California. However, the San Diego office of Ernst & Young seems to be located

within 100 miles of the Ronald Reagan Federal Courthouse in Santa Ana, California, and

therefore, Mr. Faulkner would be within the subpoena power of the Central District of

California. John Straub of Ernst & Young was the Engagement Senior Manager on Ernst &

Young's review and audit of Corinthian's financials for the 2012 and 2013 fiscal years and has

knowledge regarding the preparation and accuracy of Corinthian's financial statements. (Owen

Decl. ¶ 32.) He is based in Ernst & Young's Irvine, California office. Id. Andor Terner of

O'Melveny & Myers LLP served as outside counsel to Corinthian in connection with the SEC

filings which Erickson alleges contain false or misleading statements, and has knowledge of the

preparation and contents of those filings. (Owen Decl. ¶ 33.) He is based in O'Melveny and

Myers' Newport Beach, California office. Id.

Erickson contends that "[d]efendants . . . have not demonstrated how the

Company's auditors of its financial statements have information regarding the Company's

compliance with new federal education regulations," and argues that these witnesses would not

be essential to Erickson's claims. (Opp'n Mem. at 12.) However, because the complaint alleges

securities fraud based on the false statements made by defendants, auditors and counsel to the

defendant who participated in the preparation of the allegedly misleading statements set forth in

the complaint have information germane to plaintiff's claims.

Erickson has identified three analysts that covered Corinthian during the Class

Period who are based in New York. (Opp'n Mem. Ex. B.)[3]  Securities analysts lack personal

knowledge of the circumstances regarding the alleged false statements, and therefore do not

provide a significant tether to the Southern District of New York. See In re McDermott Intern.,

Inc. Sec. Litig., 08 Civ. 9943, 10615, 09 Civ. 570 (DC), 2009 WL 1010039 at *4 (S.D.N.Y.

April 13, 2009) (noting that securities analysts that covered the defendant corporation lacked

personal knowledge regarding the central issues of the litigation and that eleven securities

analysts would likely provide cumulative testimony.).

Erickson also contends that he intends to subpoena government entities that have

conducted investigations of Corinthian, including the state governments of New York,

Massachusetts, Maryland, Georgia, Florida, Illinois, and Wisconsin, as each of these state

governments have conducted investigations of Corinthian. (Opp'n Mem. at 10.)  In addition,

Erickson states his intention to subpoena the United States Government Accountability Office,

the Congressional Committee on Health, Education, Labor, and Pensions, the Consumer

Financial Protection Bureau, the Securities and Exchange Commission, and the United States

Department of Education. (Opp'n Mem. at 10-11.)  Erickson contends that New York's east

coast location makes it a more convenient venue for witnesses located in the District of

Columbia and other east coast states is unavailing, as "[t]he location of witnesses residing in

---

[3] Plaintiff's Exhibit B, Corinthian Colleges, Inc. Analyst Coverage List, is not attached to an attorney declaration and lacks any explanation as to its source.  However, because defendant has not challenged the exhibit, the Court will assume that the exhibit is accurate.

neither the transferor nor the transferee court does not factor into the Court's analysis." City of Pontiac Gen. Emp. Ret. Sys. v. Stryker Corp., 10 Civ. 376 (RWS) 2010 WL 2035130 at *5 (S.D.N.Y. May 21, 2010) (quotation marks omitted).

The court discounts Erickson's intention to seek evidence from the New York Attorney General's Office via the Southern District of New York's subpoena power for two reasons. First, Erickson strategically indicates his intention to seek evidence from the New York Attorney General's Office in his memorandum in opposition to defendant's motion while omitting the fact that the Complaint alleges that the California Attorney General's Office has conducted a similar investigation into Corinthian. Second, without deciding the issue, Erickson has not demonstrated that any individual within the New York Attorney General's Office has personal knowledge of the actions of Corinthian or its officers or directors. Erickson's counsel's desire to know what governmental investigators have learned in their parallel investigations does not likely make such information discoverable.

Accordingly, the location of nonparty witnesses weighs in favor of transfer.

c.   The Location of Relevant Documents and Relative Ease of Access to Sources of Proof

"Securities fraud litigation almost invariably involves production and review of a vast number of documents, almost all of which will be in the defendants' possession." Elec. Workers Pension Fund, Local 103 I.B.E.W. v. Nuvelo, Inc., 07 Civ. 975, 1229, 1777, 1953 (HB), 2007 WL 2068107 at *5 (S.D.N.Y. July 20, 2007). Corinthian's documents relating to the alleged misstatements and email servers are located in the Central District of California. However, "the weight accorded to this factor is significantly diminished by the ubiquity of electronic document storage and the resulting ease of document transfer." Glaxosmithkline

Biologicals, 2013 WL 2244315 at *6. "In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly." ESPN, Inc. v. Quicksilver, Inc., 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008). Although this factor does not carry significant weight, it favors transfer.

### d.   Convenience of Parties

"Assuming that the lead plaintiff[] [is] from the Southern District of New York, 'the residence of a class representative is often a mere happenstance, which may be discounted by a court when weighing transfer factors." In re Stillwater Mining Co., 2003 WL 21087953 at *4 (quotation marks omitted). Erickson has not alleged that he is a resident of the Southern District of New York, however, assuming that he is a resident of the Southern District of New York, the Court may discount his residence. Transferring the action to the Central District of California will certainly be more convenient for defendants, as Corinthian is headquartered in the Central District of California, and individual defendants Jack Massimino, Robert C. Owen, and Kenneth S. Ord work in the Central District of California. Owen and Ord also reside in that district.

Corinthian has identified four additional party witnesses who work and reside in the Central District of California. These witnesses participated in the drafting of the allegedly false statements and have knowledge of the programs which the Complaint alleges violated federal regulations. (Owen Decl. ¶¶ 24-28.) These witnesses include Anna Marie Dunlap, Corinthian's Senior Vice President for Investor Relations and Corporate Communications, who helped to prepare and disseminate the allegedly false public filings and press releases and organized the earnings calls which contained allegedly false or misleading statements; and

Robert Kenyon, Corinthian's Vice President and Controller, who has knowledge of Corinthian's financial performance and accounting policies during the Class Period.  (Owen Decl. ¶¶ 24, 27.)

Erickson has identified Alice Kane, a member of Corinthian's Board of Directors who works and resides in the Southern District of New York, as a potential party witness because he alleges that she "likely possesses important information regarding the Company's compliance with the new federal regulations."  (Opp'n Mem. at 10.)

The convenience of the parties favors transfer.

e.  Locus of Operative Facts

"Courts routinely transfer cases when the principal events occurred and the principal witnesses are located in another district."  In re Nematron, 30 F. Supp. 2d at 404. "[T]he locus of operative events in a securities action is where the alleged misrepresentations were made.  In a securities lawsuit, the alleged 'misrepresentations are deemed to occur in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'"  City of Pontiac Gen. Emp. Ret. Sys., 2010 WL 2035130 at *4 (quoting In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006).  The alleged misrepresentations in this case were disseminated from Corinthian headquarters in the Central District of California.

Erickson asserts that venue is proper in this district because Corinthian stock trades on the NASDAQ, located in the Southern District of New York, and he expects to conduct substantial discovery from the NASDAQ.  However, this fact does not favor venue in the Southern District of New York.

> Although Plaintiffs correctly point out that [defendant's] stock is
> traded on the New York Stock Exchange ("NYSE"), which is
> located in the SDNY, and many of the analysts who follow

> [defendant's] stock are located in New York City, these contacts
> don't do it.  If they did, the SDNY would have even more business
> and every plaintiff that sued a NYSE firm could nestle in right here
> at 500 Pearl Street.

Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb, Inc., 06 Civ. 1942, 2025, 2659,

2916, 2918, 3106, 3653 (HB), 2006 WL 1524590 at *4 (S.D.N.Y. June 5, 2006).

Because the allegedly false statements were made from Corinthian's California

headquarters, this factor favors transfer.

      f.   Relative Means of Parties

The Court may consider the relative means of the parties, and Corinthian does not

argue that this factor favors transfer.  Erickson has not alleged that he lacks the resources to

continue litigation in either forum.  See In re Nematron, 30 F. Supp. 2d at 405 (absent

demonstration of an undue burden on the plaintiff class, this factor is neutral in a securities class

action).  Accordingly, this factor is neutral.

      g.   The Forum's Familiarity with the Governing Law

"Federal courts throughout the nation are equally capable of applying federal

securities laws."  In re Global Cash Access Holdings, 2008 WL 4344531 at *7.  Thus, this factor

is neutral.

      h.   Trial Efficiency and the Interests of Justice

An earlier class action lawsuit was brought against Corinthian in the Central

District of California based on allegations of fraudulent statements made during a different class

period.  Defendants' motion to dismiss was granted by the district court on August 20, 2012.

Karam v. Corinthian Col., Inc., et al., 10 Civ. 6523 (GHK) 2012 WL 8499135 (C.D. Cal. August

20, 2012).  An appeal is currently pending in the Ninth Circuit (12-56723).  "The similarity in

12

the cases' 'core of operative facts' weighs at least somewhat in favor of transfer." In re Global

Cash Access Holdings, 2008 WL 4344531 at *8.  Accordingly, this factor favors transfer.

CONCLUSION

For the reasons stated above, defendants' motion to transfer this case to the

Central District of California is GRANTED.  The Clerk is directed to transfer the action.

SO ORDERED.

P. Kevin Castel

United States District Judge

Dated:  New York, New York
        October 1, 2013